**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| NUTRA-BLEND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:15-cv-365 |
| v. | ) |
| | ) |
| BELL AQUACULTURE, LLC, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This matter is before the Court on "Plaintiff's Motion for Partial Summary Judgment," filed by the plaintiff, Nutra-Blend, LLC, on July 21, 2016. (DE #17.) For the reasons set forth below, the motion for partial summary judgment is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of the plaintiff, Nutra-Blend, LLC, in the amount of $84,323.94 on Count 1. The remaining Counts are **DISMISSED**, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

On December 2, 2015, Nutra-Blend, LLC ("Nutra-Blend") filed a three count complaint before this Court[1] against Bell Aquaculture, LLC ("Bell"). (DE #1.) Nutra-Blend brings claims

---

[1] Diversity jurisdiction exists under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

for recovery of the purchase price (under I.C. § 26-1-2-607(1) and I.C. § 26-1-2-709(1)(a)) ("Count 1"), breach of contract ("Count 2"), and recovery of "account stated" ("Count 3"). (*Id.* at 3-5.) On January 25, 2016, Bell filed its answer. (DE #10.) On July 21, 2016, Nutra-Blend filed the instant motion for partial summary judgment. (DE #17.) In it, Nutra-Blend argues that it is entitled to judgment as a matter of law on Count 1. (*Id.*) It requests judgment in the amount of $84,323.94, "which represents the amount due under the invoices for the goods supplied by Nutra-Blend to Bell." (*Id.* at 2.) Nutra-Blend states that it consents to the dismissal of its remaining claims if the motion for partial summary judgment is granted. (*Id.*) Nutra-Blend filed its brief in support and the affidavit (with relevant exhibits) of Darren D. Swisher, a Credit Analyst employed by Nutra-Blend ("Swisher"), the same day it filed its motion. (DE #17 & DE #19.) To date, Bell has not filed a response, and the time to do so has long since passed. Thus, the motion is ripe for adjudication.

DISCUSSION

Standard

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a

2

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine dispute of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Ogden v. Atterholt,* 606 F.3d 355, 358 (7th Cir. 2010).

A party opposing a properly supported summary judgment motion may not rely on allegations in his own pleading but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citation omitted). If the non-moving party fails to establish the existence of an essential element on which he bears the burden of proof at trial, summary judgment is proper. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Local Rule 56-1 describes the specific obligations of both the moving party and the non-moving party when a motion for summary

3

judgment is filed.  The moving party must file a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed."  N.D. Ind. L.R. 56-1(a).  The party opposing the motion must respond within twenty-eight days with a "Statement of Genuine Disputes" that sets forth the "material facts that the party contends are genuinely disputed so as to make a trial necessary."  N.D. Ind. L.R. 56-1(b)(2).  A failure to respond as required by the local rules constitutes an admission.  *See Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003); *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 689 (7th Cir. 2000).  However, even when an opposing party fails to respond to a summary judgment motion altogether, Federal Rule of Civil Procedure 56(e) permits judgment for the moving party only if the movant is entitled to it.  In other words, summary judgment may only be granted "*if appropriate*—that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law." *LaSalle Bank Lake View v. Seguban,* 54 F.3d 387, 392 (7th Cir. 1995) (quoting *Johnson v. Gudmundsson,* 35 F.3d 1104, 1112 (7th Cir. 1994) (emphasis in original).

Because Bell has failed to file a response and has not identified any material disputes, the facts as claimed and properly supported by Nutra-Blend in its Statement of Material Facts are deemed admitted to exist without controversy.  This Court has

4

reviewed the following facts and finds that they are adequately supported with appropriate citations to evidence in the record. While Nutra-Blend's Statement of Material Facts is approximately two and a half pages in length, this Court need not restate each and every fact that is deemed admitted; only the facts that are pivotal in resolving the instant motion are included in this order.

Facts[2]

Nutra-Blend is engaged in the business of producing and distributing vitamin, nutrient, and mineral products. (Swisher Aff. ¶ 3.) Bell is engaged in the business of operating a commercial aquaculture facility (fish farm), and its aquaculture facility is located in or near Albany, Indiana. (*Id.* at ¶ 4.) Nutra-Blend formerly sold feed additives and other products to Bell on credit, and Bell fed those products to the fish at its Albany facility. (*Id.* at ¶ 5.) During the years of 2014 and 2015, Bell ordered and received certain feed additives and other products from Nutra-Blend (the "Products") on credit. (*Id.* at ¶ 6.) Nutra-Blend delivered the Products to Bell at its facility in Albany, Indiana. (*Id.* at ¶ 7.) Bell did not reject or return any of the Products; however, it failed to pay for them. (*Id.* at ¶¶ 8-9.)

---

[2]  The Court has borrowed liberally from Nutra-Blend's brief for this section.

The unpaid principal balance due to Nutra-Blend for the Products is $84,323.94. (*Id.* at ¶ 10; Exhibits A & B).

Nutra-Blend repeatedly contacted Bell to obtain payment of the invoices for the Products. (Swisher Aff. ¶ 11.) Swisher communicated primarily with Bell's Accounting Coordinator, Leona Hill ("Hill"). (*Id.*) Neither Hill nor any other representative from Bell disputed the invoices for the Products in any manner. (*Id.*) According to Swisher, Hill repeatedly acknowledged Bell's obligation to pay the invoices for the Products and claimed that those invoices would be paid after it improved its cash-flow situation. (*Id.*) Bell never paid the invoices for the Products. (*Id.* at ¶ 12.)

Analysis

In cases involving the sale of goods, the Uniform Commercial Code applies. Indiana's Uniform Commercial Code (the "Code") defines "goods" as "all things . . . which are movable at the time of identification to the contract for sale." Ind. Code § 26-1-2-105(1). Upon the delivery of goods by a seller, a buyer has a right to either "reject all of it, accept all of it, or accept any commercial units and reject the rest . . . ." *McClure Oil Corp. v. Murray Equip., Inc.*, 515 N.E.2d 546, 551 (Ind. Ct. App. 1987) (citing Ind. Code § 26-1-2-601)). Under the Code, "[t]he buyer must pay at the contract rate for any goods accepted." Ind. Code

§ 26-1-2-607(1). Goods are considered accepted when a buyer: (a) "signifies to the seller that the goods are conforming or that he will take or retain them in spite of their nonconformity"; (b) "fails to make an effective rejection"[3] after a "reasonable opportunity to inspect them"; or (c) "does any act inconsistent with the seller's ownership." Ind. Code § 26-1-2-606(1). "Moreover, '[o]nce the buyer accepts goods, the buyer is precluded from rejecting them,' and 'the buyer must pay the contract price for any goods accepted.'" *Vehicle Serv. Group, LLC v. Auto Equip. Co. Inc.*, 838 F. Supp. 2d 842, 845 (S.D. Ind. 2011) (citing *McClure*, 515 N.E.2d at 552); Ind. Code § 26-1-2-1-607(1). If a buyer fails to pay for the goods, the seller can sue to recover the price of the goods accepted. Ind. Code § 26-1-2-1-709(1).

As aptly stated by the Court in *Vehicle Serv. Group*, 838 F. Supp. 2d at 845, "[t]here is no need to belabor the point." Here, the following facts are undisputed: (1) Bell ordered the Products; (2) Nutra-Blend delivered them to Bell's facility in Albany, Indiana; (3) Bell did not effectively reject any of the Products; and (4) Bell has failed to pay for them. Therefore, Nutra-Blend is entitled to judgment as a matter of law on Count 1 in the amount of $84,323.94. See *Vehicle Serv. Group*, 838 F. Supp. 2d at 845; see also *McClure*, 515 N.E.2d at 551-552. Because the Court has

---

[3] "Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." Ind. Code § 26-1-2-602(1).

granted Nutra-Blend's motion as to Count 1, Nutra-Blend has consented to the dismissal of the remaining counts; therefore, Counts 2 and 3 are hereby dismissed.

CONCLUSION

For the reasons set forth above, the motion for partial summary judgment is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of the plaintiff, Nutra-Blend, LLC, in the amount of $84,323.94 on Count 1. The remaining Counts are **DISMISSED**, and the Clerk is **DIRECTED** to close this case.

**DATED: March 20, 2017**            **/s/Rudy Lozano**
                                     **United States District Court**